**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JOSEPH CHALIFOUX,**

      **Plaintiff,**

**v.**                                                           **Case No: 5:26-cv-239-JEP-PRL**

**THE CANYONS AT HIGHLAND**
**RANCH HOMEOWNERS**
**ASSOCIATION, INC., RYAN**
**GARRO, KEITH WHITACRE,**
**SIMONE RIBEIRO, KAREN J.**
**WONSETLER, ESQ., and**
**WONSETLER & WEBNER, P.A.,**

      **Defendants.**

---

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Leave to File Electronically Via CM/ECF. (Doc. 26). Plaintiff requests permission to access and file documents electronically through the Court's CM/ECF system. (*Id.* at pp. 1-2). He contends that allowing him CM/ECF access to file documents electronically in this action will "promote efficiency, reduce printing and mailing costs for both [him] and the Court, and ensure that Plaintiff receives prompt and reliable service of all filings." (*Id.* at p. 2). Plaintiff further affirms that he is capable of complying with the Court's rules and procedures for CM/ECF. (*Id.*).

With regard to CM/ECF eligibility, "[a]bsent a court order, a pro se litigant is *not* permitted to file documents in CM/ECF." *See* Admin. Proc. for Elec. Filing § B (Nov. 18, 2025) for the United States District Court, Middle District of Florida (emphasis added); *see also* M.D. Fla. Local Rule 1.01(c) ("By administrative order, the court can prescribe

procedures governing electronic filing."); Fed. R. Civ. P. 5(d)(3)(B)(i) ("A person not represented by an attorney . . . may file electronically only if allowed by court order or by local rule."). "Pro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *Huminski v. Vermont*, No. 2:13-cv-692-FTM-29, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *see McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for *pro se* litigant because there was "no good cause under the circumstances of the case to authorize his access"); *Gerow v. Blackwell*, No. 8:24-cv-02280-KKM-NHA, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause.") (citations omitted); *see also Nathansen v. City of Punta Gorda*, No. 2:25-cv-300-KCD-NPM, 2025 WL 2770876, at *1 (M.D. Fla. Sept. 26, 2025) (recognizing that access to electronic filing via CM/ECF is generally restricted because "the CM/ECF system contains confidential and other sensitive information") (citing Admin. Proc. for Elec. Filing).

In this instance, Plaintiff has not shown good cause or offered any extenuating circumstances as to why he should be permitted to access and file documents in CM/ECF. Therefore, Plaintiff's motion is due to be denied.

However, the Court will permit the Plaintiff to receive electronic notification of filings via email. Generally, a *pro se* litigant can receive electronic notices of filing by email, monitor the docket through PACER,[1] and submit filings in person, by U.S. Mail, or through another

---

[1] "Any member of the public can access electronic records of the federal courts by registering online with PACER." *See Rothschild v. Anywhere Advisors LLC*, No. 2:24-cv-304-SPC-KCD, 2024 WL

delivery service. That said, "the Court in its discretion may grant a pro se party permission to receive electronic notifications." *See Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No. 6:23-cv-1163-PGB-DCI, 2023 WL 4947933, at *1 (M.D. Fla. Aug. 3, 2023). The Court finds it appropriate to exercise such discretion here. *See id.* (authorizing electronic notification of filings for a *pro se* litigant via email); *Cromity v. City of Orlando*, No. 6:24-cv-1688-CEM-DCI, 2025 WL 435901, at *2 (M.D. Fla. Jan. 29, 2025) (allowing service of court documents on *pro se* party by email); *Wilkins v. RCI, LLC*, No. 6:23-cv-849-PGB-EJK, 2023 WL 3453560, at *1 (M.D. Fla. May 15, 2023) (same).

Accordingly, it is **ORDERED** that:

(1) Plaintiff's Motion for Leave to File Electronically Via CM/ECF (Doc. 26) is **DENIED**.

(2) Plaintiff is permitted to receive electronic notification of filings via email. The Clerk is **directed** to add Plaintiff's email address (joseph.chalifoux@yahoo.com) to the docket and send all future notices of electronic filing to this email address.

(3) Plaintiff is responsible for notifying the Clerk if he changes his email address. Plaintiff is advised to check his email frequently, as some filings may be time sensitive. The notices of electronic filing will contain a hyperlink that allows the Plaintiff to view the document for the first time at no charge. The hyperlink expires after the earlier of two events: the first use or 15 days after the notice is emailed. An individual must access PACER to view a document after the hyperlink has expired. The Court's Guide for Proceeding Without a Lawyer provides

---

2749245, at *1 (M.D. Fla. May 29, 2024).

instructions on how to register for PACER on page 13.[2]  Please note that when the Court allows a *pro se* litigant to receive notices of filing by email, the Clerk's office no longer mails paper copies. As a result, Plaintiff is cautioned that he will no longer receive court documents by U.S. mail.

**DONE** and **ORDERED** in Ocala, Florida on April 15, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] The Court's Guide for Proceeding Without a Lawyer can be accessed on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm).